**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAY STOVALL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 2:14CV00045-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ray Stovall, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On November 22, 2011, Mr. Stovall protectively filed for DIB and SSI benefits due to pain in the knees and wrists, right ear hearing loss, depression, and anxiety. (Tr. 160) His claims were denied initially and upon reconsideration. At Mr. Stovall's request, an Administrative Law Judge ("ALJ") held a hearing on October 24, 2012, where Mr. Stovall appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Stovall and a vocational expert ("VE"). (Tr. 34-73)

The ALJ issued a decision on April 26, 2013, finding that Mr. Stovall was not disabled under the Act. (Tr. 12-29) The Appeals Council denied Mr. Stovall's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Stovall, who was fifty-two years old at the time of the hearing, has a high school education and past relevant work experience as a tree trimmer, personal care attendant, and potato picker. (Tr. 40, 42, 62)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Stovall had not engaged in substantial gainful activity since January 9, 2009, and he had the following severe impairments: mood disorder, alcohol dependence, cocaine dependence, and osteoarthritis of the knees. (Tr. 14) However, the ALJ found that Mr. Stovall did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Mr. Stovall has the residual functional capacity ("RFC") to do medium work, except he is limited to routine and repetitive tasks and is not able to perform at a production pace, but can perform goal-oriented work. (Tr. 17) The VE testified that Mr. Stovall could perform his past relevant work as a personal care attendant, and that other jobs available with these limitations were dishwasher, kitchen helper, and janitor. (Tr. 64, 65) Accordingly, the ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

determined that Mr. Stovall could perform a significant number of other jobs existing in the national economy, and found that he was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B.   Mr. Stovall's Arguments for Reversal

Mr. Stovall asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Stovall contends that the ALJ erred (1) by finding his carpal tunnel syndrome non-severe; (2) in the RFC finding; and (3) by finding he did not require a cane. (Doc. No. 11)

#### 1.   Carpal Tunnel Syndrome

Mr. Stovall argues that the ALJ erred by finding his carpal tunnel syndrome non-severe. He concedes the carpal tunnel "has been deemed mild" but points out that he has been prescribed wrist splints and medication. (*Id.*) Notably, the splints were prescribed to be worn only at "night time to

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3

keep wrists in neutral position." (Tr. 951) Additionally, a November 2012 MRI revealed only "minor degenerative changes." (Tr. 978) And again in January 2013, he was diagnosed with only "mild" carpal tunnel syndrome. (Tr. 1003) Though Mr. Stovall claimed he was a candidate for surgery, he testified he did not want surgery for his carpal tunnel. (Tr. 44-45) "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[6] Here, substantial evidence supported the ALJ's conclusion that Mr. Stovall's carpal tunnel syndrome was not a severe impairment.[7]

2. RFC Finding

Mr. Stovall contends he is unable to perform medium work. Yet, there is substantial evidence to support the ALJ's finding. For example, Mr. Stovall testified that he can walk a mile before needing a rest. (Tr. 51) He also reported that he can stand for one to two hours and sit one hour before needing a break. (Tr. 178) Additionally, Mr. Stovall told his doctor that his knee braces helped, when he actually used them. (Tr. 445) The facts that the knee braces help and Mr. Stovall does not follow his doctor's treatment recommendations weigh against the credibility of the severity of his impairments.[8] Mr. Stovall's activities of daily living also support the ALJ's RFC finding.[9]

---

[6] *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

[7] *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007) (holding it is claimant's burden to establish that impairment is severe; if impairment has no more than minimal effect on claimant's ability to work, it does not qualify as severe.)

[8] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling."); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[9] *Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole.").

He does laundry, irons, cooks, shops an hour and a half at a time, goes fishing for stress relief, and has no issues with his personal care. (Tr. 54, 194, 196, 197, 1002)

Also worth noting is the fact that Mr. Stovall reported in January 2013 that he was "applying for some work" but had not yet found any. (Tr. 1015) Additionally, he has held several jobs since his alleged on-set date. (Tr. 439, 466, 565) The fact that Mr. Stovall continued to work after his alleged onset date belies his claim that he is disabled.[10] Furthermore, these jobs all appear to be at an RFC level consistent with that set out by the ALJ -- janitor, gardener/landscape, maintenance for a church, and demolition/remodeling work.

### 3. Cane Requirement

Mr. Stovall asserts that the ALJ erred in finding that he no longer needed to use a cane. Mr. Stovall testified that a cane was prescribed to him in 2009 and after two falls, he was again prescribed a cane March 2012. (Tr. 46, 913) However, as the ALJ noted, during numerous doctor visits in 2011, 2012, and 2013, Mr. Stovall did not use a cane and was independently mobile. (Tr. 955, 963, 964, 969, 1001, 1012, 1035, 1040) Since several of these visits were <u>after</u> Mr. Stovall's 2012 cane prescription, there was substantial evidence for the ALJ to conclude that a cane was no longer required or that the impairments were not as severe as alleged.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

---

[10] *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity.").

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 15th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE